

HARRIS

ST. LAURENT

WECHSLER

February 6, 2026

**BY ECF**
Hon. Arun Subramanian
United States District Judge
U.S. District Court
Southern District of New York
500 Pearl Street, Room 1320
New York, NY 10007

       Re:    *Madryn Asset Management, LP v. Trailmark Inc.*
               Case No: 1:26-cv-00999

Dear Judge Subramanian:

We represent petitioner Madryn Asset Management, LP in this proceeding which seeks an order vacating the arbitration fee award dated issued on November 10, 2025, corrected and reissued on November 20, 2025 (the "Fee Award") in the matter of *Trailmark Inc. v. Madryn Asset Management, LP*, JAMS Ref. No. 1425036016 (the "Arbitration").

On February 5, 2026, Madryn filed its petition to vacate the Fee Award, which contains references to the Declaration of Ashley Robinson and the exhibits attached thereto. Given the potential confidentiality concerns relating to the contents of the materials, and with Trailmark's consent, Madryn did not file the Robinson Declaration or exhibits.

We write pursuant to Rule 11(b) of Your Honor's Individual Practices in Civil Cases to request leave to file the exhibits to the Robinson Declaration in support of the petition temporarily under seal as they contain confidential information belonging to third parties not involved in this dispute, as well as Madryn's proprietary and / or confidential business information. In addition, Respondent Trailmark has claimed confidentiality over certain information during the Arbitration and therefore it should be provided an opportunity to review the record and make any claims. While we anticipate that most of the record will be made public, we believe certain confidential information including the names of investors and Madryn's proprietary and / or confidential business information should be permanently redacted from public view as confidential as it does not "directly affect the adjudication". *Caxton Int'l Ltd. v. Rsrv. Int'l Liquidity Fund, Ltd.*, No. 09 CIV. 782PGG, 2009 WL 2365246, at \*7 (S.D.N.Y. July 30, 2009) (sealing of documents containing the names of confidential investors and allowing the filing of redacted versions under *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110 (2d Cir. 2006)); *Dodona I, LLC v. Goldman Sachs & Co.*, 119 F. Supp. 3d 152, 156 (S.D.N.Y. 2015) (permitting sealing of "internal corporate

Page 2 of 2
February 6, 2026

documents that govern investment strategies, information regarding proprietary modeling assumptions, and more generally, customer names, account numbers, and pricing information").

Therefore, we request that the documents remain sealed with Selected Party viewing for forty-five (45) days to allow for the parties to have sufficient time to confer and submit a joint letter identifying and supporting agreed-upon redactions and/or identifying areas of disagreement and the parties' corresponding positions.

We thank Your Honor for your consideration and remain available should you have any questions.

Sincerely,

Ashley Robinson

GRANTED. By **Friday, March 20, 2026**, the parties shall file a joint letter identifying and supporting agreed-upon redactions and/or identifying areas of disagreement and the parties' corresponding positions.

The Clerk of Court is respectfully directed to terminate the motion at Dkt. 11.

SO ORDERED.

Arun Subramanian, U.S.D.J.
Date: February 6, 2026