

SIX LANDMARK SQUARE
STAMFORD, CT 06901-2704
T: 203.325.5000 | F: 203.325.5001
www.fdh.com

**Benjamin M. Arrow**
203.325.5004
barrow@fdh.com

March 20, 2026

**B**Y **ECF**

Honorable Arun Subramanian
United States District Judge
U.S. District Court, Southern District of New York
500 Pearl Street, Room 1370
New York, New York 10007

   Re: *Madryn Asset Mgmt., L.P. v. Trailmark Inc.*, 26 Civ. 999

Dear Judge Subramanian,

  We represent respondent/cross-petitioner Trailmark Inc. ("Trailmark") in the above-captioned action. On March 3, 2026, this Court granted Trailmark's application requesting the temporary sealing of the declaration of undersigned counsel (the "Declaration") to allow the parties sufficient time to confer on a joint proposal regarding the sealing of all, or portions of, the exhibits to the Declaration. *See* Doc. Nos. 25, 26. Undersigned counsel has since met and conferred with counsel for petitioner/cross-respondent Madryn Asset Management, L.P. ("Madryn"), and the parties have reached agreement on a joint proposal regarding sealing. In accordance with Rule 11(b) of Your Honor's Individual Practices in Civil Cases, and with Madryn's consent, we write respectfully to request that the Court order the *permanent* sealing of the redacted portions of the exhibits to the Declaration, as filed herewith.

  The redacted portions of the exhibits to the Declaration comprise confidential, proprietary, and highly sensitive business information including, among other things:

- the terms of Madryn's engagement of Trailmark as placement agent;

- actual and potential investors in certain Madryn private investment funds; and

- the billing rates of Finn Dixon & Herling LLP attorneys.

Trailmark respectfully submits that such redacted information should be permanently sealed because it does not "directly affect the adjudication" of this dispute, which concerns only whether Trailmark's final arbitration award must be confirmed pursuant to the Federal Arbitration Act, 9 U.S.C. § 9. Courts in this District routinely order the sealing of such highly confidential material particularly where, as here, it has only an ancillary connection (if any) to the issues to be adjudicated by the Court. *See, e.g.*, *Caxton Int'l Ltd. v. Rsrv. Int'l Liquidity Fund, Ltd.*, 2009 WL

2365246, at *7 (S.D.N.Y. July 30, 2009) (allowing sealing of documents identifying individual investors); *Dodona I, LLC v. Goldman Sachs & Co.*, 119 F. Supp. 3d 152, 156 (S.D.N.Y. 2015) (authorizing sealing of "internal corporate documents that govern investment strategies, information regarding proprietary modeling assumptions, and more generally, customer names, account numbers, and pricing information"); *McCracken v. Verisma Sys., Inc.*, 2017 WL 4250054, at *5 (W.D.N.Y. Sept. 26, 2017) (permitting under-seal filing of redactions that were "limited to avoid public disclosure of [defendant's] financial data"); *GoSMiLE, Inc. v. Dr. Jonathan Levine, D.M.D. P.C.*, 769 F. Supp. 2d at 630, 649-50 (S.D.N.Y. 2011) (granting motion to seal exhibits that "contain highly proprietary material concerning the defendants' marketing strategies, product development, costs and budgeting"). Because the redacted information is highly commercially sensitive but of limited, if any, relevance to Trailmark's motion to confirm the arbitrator's Corrected Final Award or Madryn's motion to vacate the attorneys' fees portion thereof, we respectfully submit that the motion to seal the redacted content should be granted.

We thank the Court for its kind consideration of this application.

Respectfully submitted,

Benjamin M. Arrow

Encl.

cc:    All counsel of record by ECF

GRANTED IN PART. The information may be sealed, but the sealing is not "permanent," as the Court may in the future determine that unsealing is warranted. The Clerk of Court is respectfully directed to terminate the motion at Dkt. 30.

SO ORDERED.

Arun Subramanian, U.S.D.J.
Date: March 23, 2026

