

**HARRIS**

**ST. LAURENT**

**WECHSLER**

GRANTED IN PART. The information may be sealed, but the sealing is not "permanent," as the Court may in the future determine that unsealing is warranted.

The Clerk of Court is respectfully directed to terminate the motion at Dkt. 32.

SO ORDERED.

Arun Subramanian, U.S.D.J.
Date: March 23, 2026

**BY ECF**
Hon. Arun Subramanian
United States District Judge
U.S. District Court
Southern District of New York       March 20, 2026
500 Pearl Street, Room 1320
New York, NY 10007

 Re: *Madryn Asset Management, LP v. Trailmark Inc.*
   Case No: 1:26-cv-00999

Dear Judge Subramanian:

  We represent Petitioner Madryn Asset Management, LP ("Madryn") in the above referenced proceeding and write on consent of Respondent Trailmark Inc. ("Trailmark") regarding proposed redactions to the exhibits to Madryn's Petition to Vacate the Arbitration Fee Award (the "Fee Award"), which have been agreed upon by the Parties.

  As Your Honor is aware, Madryn filed a motion to temporarily seal the exhibits filed in support of its petition (the "Petition" [Dkt. No. 11]). In accordance with Rule 11(b) of Your Honor's individual rules and procedures, Madryn proposed narrowly tailored and specific redactions of certain of those temporarily sealed exhibits. The Parties have met and conferred on the subject: Trailmark has consented to Madryn's proposed redactions and Madryn has consented to Trailmark's.

  A summary of Madryn's proposal is as follows: (a) permanently apply narrowly tailored redactions to exhibits A, B, C, D, F, H, K, N, O, R, V, W, Y, Z; (b) permanently seal exhibits E, L, M[1] in their entirety; and (c) no restrictions of public access to exhibits G, I, J, P, Q, S, T, U.

  The above-referenced redactions protect underlying information concerning the identity of and other private information relating to third parties, such as Madryn's investors, clients, and vendors, each of whom Madryn owes confidentiality obligations. The redactions also aim to protect proprietary and / or confidential business information, including the terms of the Parties'

---

[1] These exhibits are expert reports submitted by both Parties, each of which contain detailed analyses of Madryn's (and Trailmark's) investment analyses and strategies, investment performance, and other internal methodologies used to identify and evaluate investment opportunities   information which is regularly sealed by courts in this District. *Infra*, p. 2-3.

ASHLEY ROB NSON   AROB NSON@HS-LAW.COM   D RECT (917) 512-9471

Page 2 of 3
March 20, 2026

engagement and the strategies and composition of Madryn's private investment funds.  Such information is regularly redacted by courts in this District.  *See e.g., Sec. and Exch. Comm'n v. Telegram Grp. Inc.*, 19-cv-9349 (PKC), 2020 WL 3264264, at \*3 (S.D.N.Y. June 17, 2020) (permitting narrowly tailored redactions to protect third party interests in privacy and to protect proprietary business information); *Dodona I, LLC v. Goldman, Sachs & Co.*, 119 F. Supp. 3d 152, 156 (S.D.N.Y. 2015) (permitting sealing of "internal corporate documents that govern investment strategies, information regarding proprietary modeling assumptions, and more generally, customer names, account numbers, and pricing information"); *Caxon Int'l Ltd. v. Reserve Int'l Liquidity Fund, Ltd.*, No. 09 Civ. 782 (PGG), 2009 WL 2365246, at \*7 (S.D.N.Y. July 30, 2009) (permitting redactions of the identities of investors which did not "directly affect the adjudication" of the matter); *Scott D. Boras Inc. v. Sheffield*, No. 09 Civ. 8369 (SAS), 2009 WL 3444937, at \*1 (S.D.N.Y. Oct. 26, 2009) (permitting redactions of proprietary business matters discussed in petition to confirm arbitration award).  Finally, the redactions aim to protect billing rates and confidential legal strategy of Harris St. Laurent & Wechsler LLP and Finn Dixon & Herling LLP attorneys, which have no relevance to the adjudication of the issues raised in the Petition.  Such information is regularly redacted by Courts in this District.  *See id*.; *cf. NetSoc, LLC v. Chegg Inc.*, 18-cv-12267(RA), 2020 WL 7264162, at \*3 (S.D.N.Y. Dec. 10, 2020) (denying motion to entirely seal attorney records where such fee information was "critical" to adjudicating the fee application).

The Court in *Lugosch* determined a three-prong test when presented with a party's motion to seal or redact information.  First, the court must conclude that the documents at issue are judicial documents.  *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119 (2d Cir. 2006).  If the court finds that the documents at issue are "judicial documents and that therefore a common law presumption of access attaches, it must determine the weight of that presumption." *Id.*  Lastly, the court must "balance competing considerations against [the presumption]." *Id.* at 120.

Here, the Petition and corresponding exhibits are judicial documents, and therefore a presumption of public access attaches.  *Lugosch*, 435 F.3d at 119-120.  However, such presumption may be overcome where "specific, on the record findings are made demonstrating that closure is essential to preserve higher values and is narrowly tailored to serve that interest." *Id*. at 120.  Such countervailing factors to the presumption of access include "the privacy interests of those resisting disclosure." *Id*. (internal citations and quotations omitted).  Moreover, "[t]he demonstration of a valid need to protect the confidentiality of proprietary business information, such as internal analysis, business strategies, or customer negotiations, may be a legitimate basis to rebut the public's presumption of access to judicial documents." *Sec. and Exch. Comm'n*, 2020 WL 3264264, at \*3.  Protecting the privacy interests of non-parties also represents a legitimate basis for sealing judicial documents. *Id*.

In evaluating the second and third prongs under *Lugosch*, the weight of the presumption of access is outweighed by the third-party privacy interests and Madryn's need to protect its proprietary business information.  As to the first category of Madryn's redactions, the information to be redacted includes the names of investors and should be permanently redacted from public view as confidential because such information does not "directly affect the adjudication" of the Petition.  *See Caxton Int'l Ltd.*, 2009 WL 2365246, at \*7.  The identity of Madryn's investors and

vendors, as well as their specific investment dealings with Madryn (*e.g.*, investment amount, deal terms, due diligence) have minimal relevance to this Court's decision on whether the Arbitrator manifestly disregarded the law concerning prevailing party status.  Moreover, Madryn is not seeking to seal all documents and information pertaining to third parties, but only to apply narrowly tailored redactions to protect minimally relevant information.  *See Sec. and Exch. Comm'n v. Ripple Labs, Inc.*, 20 Civ. 10832 (AT), 2023 WL 3477552, at *9 (S.D.N.Y. May 16, 2023) (permitting redaction of third party identifying and personal information).  Here, the competing considerations between the presumption of public access and Madryn's, Trailmark's, and third parties' privacy interests weighs in favor of this Court granting the Madryn's request to redact.

Regarding Madryn's (and third parties') proprietary business information, Madryn seeks to redact information concerning its investment analyses and strategies, investment performance, and other internal methodologies used to identify and evaluate investment opportunities.  The confidentiality of this information is a legitimate countervailing factor to the public's presumptive right of access because disclosure would reveal Madryn's sensitive business practices to its competitors.  *Sec. and Exch. Comm'n*, 2020 WL 3264264, at *3 (permitting redactions where "disclosure of internal financial analyses of a business opportunity by a professional investment firm could reveal proprietary analysis and provide competitors with an unearned advantage") (internal citation and quotations omitted); *see also Scott D. Boras, Inc.*, 2009 WL 3444937, at *1. Not only would disclosure needlessly cause damage to Madryn's competitive advantage in the healthcare asset management industry, but it would not provide value to those who seek to monitor the federal courts   nor is the information relevant to this Court's decision on the Petition.  *See Lugosch*, 435 F.3d at 119, 123; *Sec. and Exch. Comm'n*, 2020 WL 3264264, at *3 (permitting redactions where disclosure of certain proprietary internal analyses of investment opportunities and private investment decisions "provid[ed] little value to the monitoring of the federal courts."); *see also Caxton Int'l Ltd.*, 2009 WL 2365246, at *7.  Therefore, here, the weight of the public's presumptive access is outweighed by Madryn interest in protecting its proprietary business information.  *Id.* (there is a "strong interest in preventing the public disclosure of […] certain proprietary internal analyses" of investment opportunities); *Dodona I, LLC*, 119 F. Supp. 3d at 156 (allowing redactions of internal corporate documents that governed investment strategies and model assumptions outweighed the presumption of public disclosure).  Madryn has proposed narrowly tailored redactions which are sufficient to balance Madryn's interests in protecting its competitive standing in the industry with the presumption of access to the public.  Trailmark has likewise sought similar redactions.

Based on the foregoing, Madryn respectfully requests that the proposed redacted information be permanently redacted from public view.  We thank the Court of its consideration, and remain available should it have any questions or need any further support for sealing.

Sincerely,

*/s/ Ashley Robinson*

Ashley Robinson