UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MADRYN ASSET MANAGEMENT, LP,
Petitioner,

-against-

TRAILMARK, INC.,
Respondent.

26-cv-999 (AS)

OPINION AND ORDER

ARUN SUBRAMANIAN, United States District Judge:

Madryn Asset Management, LP ("Madryn") petitions to vacate a November 20, 2025 arbitration award in favor of respondent and cross-petitioner Trailmark, Inc. ("Trailmark"). Trailmark, in turn, cross-petitions for confirmation of the award. For the following reasons, the petition to vacate is DENIED and the cross-petition to confirm the award is GRANTED.

The issues presented on the petitions are straightforward: (1) did the arbitrator act in manifest disregard of the law in declaring Trailmark the prevailing party in the arbitration and awarding it fees and expenses; and if not, (2) is Trailmark's cross-petition to confirm the award nevertheless untimely? The answer to both questions is no.

**BACKGROUND AND LEGAL STANDARD**

Because the parties' arbitration was bifurcated, they've already battled this case out before this court before, after Trailmark triumphed at the liability phase, and Madryn petitioned to vacate the arbitrator's decision. Judge Cronan denied the petition to vacate in a decision that neatly summarizes the standard in reviewing a petition to vacate based on a manifest-disregard argument:

> [T]he Court's review "under the doctrine of manifest disregard is severely limited." *Duferco Int'l Steel Trading v. T. Klaveness Shipping A/S*, 333 F.3d 383, 389 (2d Cir. 2003) (internal quotation marks omitted). Vacatur of an arbitration award on this ground requires "something beyond and different from a mere error in the law or failure on the part of the arbitrators to understand or apply the law." *Westerbeke Corp. v. Daihatsu Motor Co., Ltd.*, 304 F.3d 200, 208 (2d Cir. 2002). Indeed, a reviewing court is compelled to enforce an arbitration award, "despite [the] court's disagreement with it on the merits, if there is a barely colorable justification for the outcome reached." *T.Co. Metals, LLC v. Dempsey Pipe & Supply, Inc.*, 592 F.3d 329, 339 (2d Cir. 2010) (internal quotation marks omitted).
>
> Under this exacting standard, a petitioner "seeking to vacate an arbitration award based on alleged manifest disregard of the law bears a heavy burden, as awards are vacated on grounds of manifest disregard only in those exceedingly rare instances

> where some egregious impropriety on the part of the arbitrator is apparent." *Seneca Nation of Indians v. New York*, 988 F.3d 618, 625–26 (2d Cir. 2021) (internal quotation marks omitted). Accordingly, "to succeed in challenging an award under the manifest disregard standard," the petitioner must show "that the arbitrators knew of the relevant legal principle, appreciated that this principle controlled the outcome of the disputed issue, and nonetheless willfully flouted the governing law by refusing to apply it." *Id.* at 626 (internal quotation marks and citation omitted). "In addition to this 'subjective component,' a finding of manifest disregard requires an objective determination that the disregarded legal principle was 'well defined, explicit, and clearly applicable.'" *Id.* (quoting *Westerbeke*, 304 F.3d at 209).

*Madryn Asset Mgmt., LP v. Trailmark Inc.*, 2024 WL 1348869, at *5 (S.D.N.Y. Mar. 30, 2024).

**DISCUSSION**

As Judge Cronan aptly summarized, the question on manifest-disregard review isn't whether the arbitrator misapplied the law. Instead, a petition to vacate must be denied if there is even a "barely colorable justification" for the decision; vacatur requires some "egregious impropriety on the part of the arbitrator," "willfully flout[ing] the governing law by refusing to apply it," and an objective determination that the disregarded legal principle was "well-defined, explicit, and clearly applicable." Madryn doesn't disagree with these basic principles, and they are fatal to Madryn's position.

As mentioned above, this is Madryn's second bite at the manifest-disregard apple. The first time around, the issue was liability, where Madryn lost across the board. Now, Madryn is back after a damages award issued, and it claims that Trailmark obtained only a little over $3 million in damages, even though it had sought $23 million during the damages phase. For this reason, Madryn complains that the arbitrator, Judge Theodore Katz—a former magistrate judge of this court—manifestly disregarded the law by nevertheless finding Trailmark to be a prevailing party entitled to fees and expenses. In framing the purported willful disregard of the law, Madryn asserts that Judge Katz "fail[ed] to apply the required two-step legal analysis in determining prevailing-party status." Dkt. 28 at 1.

But there's no legal error, let alone conduct that would meet the heavy burden Madryn faces on its petition. Judge Katz indeed referenced the two-step legal analysis that Madryn refers to, *twice*. *See* Dkt. 17-19 at 74 (referencing the standard set forth in *Sykes v. RFD Third Ave. I Assocs., LLC*, 39 A.D.3d 279 (1st Dep't 2007)); *id. Dkt.* 17-1 at 7 (same). *Sykes* held that "[t]o determine whether a party has 'prevailed' for the purpose of awarding attorneys' fees, the court must consider the 'true scope' of the dispute litigated and what was achieved within that scope. To be considered a 'prevailing party,' one must simply prevail on the central claims advanced and receive substantial relief in consequence thereof." *Sykes*, 39 A.D.3d at 279 (internal citation omitted). Applying this standard, Judge Katz concluded that "the two Interim Awards – one on liability and the other on damages – establish that Trailmark is the prevailing party in this proceeding. It has prevailed on

its central claim that Madryn breached the implied covenant of good faith and fair dealing, and it is entitled to damages exceeding $3 million." Dkt. 17-19 at 74.

Judge Katz then detailed why, on the facts of this case, the mere fact that Trailmark didn't prevail as to all its claimed damages did not deprive it of prevailing-party status, in light of its victory at the liability stage and recovery of significant damages. Dkt. 17-1 at 6–18. Judge Katz did, in view of Madryn's arguments, cut down Trailmark's requested damages-phase fees by 30%. Madryn fails to grapple with any of this. And cases like *In re Milton*, 197 A.D.3d 1174, 1176 (2d Dep't 2021) and *Mosesson v. 288/98 W. End Tenants Corp.*, 294 A.D.2d 283, 283–84 (1st Dep't 2002) pointed to by Madryn, *see* Dkt. 28 at 3, simply repeat precisely the same rule correctly stated by Judge Katz, and then apply that rule to the facts of the cases before those courts, exactly what Judge Katz did here.

True enough, there are cases that discuss the factors pointed to by Madryn and deny prevailing party status, but plainly the cases do so on the basis of a case-by-case analysis matched against the standard that Judge Katz applied, not hard-and-fast rules that no matter what, "mixed-outcome litigation dictates a finding that neither party is prevailing, and where a party receives such minimal damages compared to those sought, it is not prevailing," as Madryn insists. *Id.* at 6. To just give one example pointing the other direction, Trailmark notes that the First Department has held that prevailing-party status and fees were appropriate in a case where the plaintiff secured only nominal damages and an injunction, and where the court rejected the plaintiff's claim for actual damages, including lost profits. *Id.* at 5 (citing *Quik Park W. 57 LLC v. Bridgewater Operating Corp.*, 189 A.D.3d 488 (1st Dep't 2020)). Of course, that doesn't mean that *every* plaintiff that wins on liability and loses on damages is a prevailing party, the flip-side of Madryn's categorical position here. Instead, it reflects that the inquiry is a fact-specific one.

In this case, Judge Katz observed that in the liability phase, Trailmark had prevailed on its arguments, and had also defeated Madryn's counterclaim. It was excused from future performance on the parties' contract, and then obtained substantial damages to boot. And Judge Katz didn't ignore the fact that Trailmark didn't obtain all its requested relief; he simply decided that it didn't deprive Trailmark of its prevailing-party status. But he nevertheless reduced Trailmark's fee request significantly. There was no disregard of the law, manifest or otherwise.

Next, we move to Trailmark's cross-petition to confirm the damages award. Madryn's objection here is meritless. Madryn suggests that because Trailmark didn't file a cross-petition to confirm the *liability award* when this case was before Judge Cronan a few years ago, the rest of the ensuing litigation was all for naught, and Trailmark forfeited its right to confirm the current *damages award*, given the FAA's one-year limitations period on the confirmation of awards. *See* 9 U.S.C. § 9. The Court rejects this argument. The award that Trailmark seeks confirmation of is the November 20, 2025 damages award, not any earlier award. There's no question that Trailmark's cross-petition to confirm *that* award was timely. Madryn's argument that "as there can be no damages without liability, Trailmark's efforts to confirm the damages award rest on a non-existent foundation," Dkt. 28 at 9, has no basis in law or logic. There certainly was a liability finding made in the arbitration, and Madryn failed in seeking to have it vacated. Madryn cites no case supporting

its proposed rule that absent confirmation of such a liability determination by a court, it simply vanished into thin air. The authorities it does cite to—a footnote in a 2016 Michigan case and a 2003 decision from the Federal Circuit—have nothing to do with arbitration, the FAA, or anything else relevant to this case. This is the sole basis for objecting to confirmation of the award, aside from the argument for vacatur, and it is rejected.

**CONCLUSION**

For these reasons, Madryn's petition to vacate the November 20, 2025 award is DENIED and Trailmark's cross-petition to confirm that award is GRANTED. Within 14 days, Trailmark should meet and confer with Madryn and submit a proposed judgment for the Court's review.

The Clerk of Court is respectfully directed to terminate Dkts. 2 and 23.

SO ORDERED.

Dated: August 27, 2026
New York, New York

ARUN SUBRAMANIAN
United States District Judge